[Docket Nos. 28 and 30]

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL C. BURNS, | : | Civil No. 08-4807 (RMB/KMW) |
| Plaintiff, | : | |
| v. | : | |
| WARDEN JUEL E. COLE, et al., | : | |
| Defendants. | : | |
| MICHAEL C. BURNS | : | Civil No. 09-2794 (RMB/KMW) |
| Plaintiff, | : | **MEMORANDUM AND ORDER** |
| v. | : | |
| WARDEN JUEL E. COLE, et al., | : | |
| Defendants. | : | |

Appearances:

MICHAEL C. BURNS, Plaintiff <u>pro se</u>
Burlington County Jail
P.O. Box 6000
Mount Holly, New Jersey 08060

Anthony Valenti, Esquire
Karen M. Murray, Esquire
Caplan Haines, PC
100000 Midlantic Drive, Suite 330W
Mount Laurel, New Jersey 08054

**BUMB,** United States District Judge:

**INTRODUCTION**

1

On or about September 22, 2008, Plaintiff Michael Burns (the "Plaintiff"), who was then an inmate at Burlington County Correctional Facility, filed a Complaint (Civil Action No. 08-4807)(RMB) asserting claims against Juel E. Cole, Warden, Deputy Warden Cox, Captin McDonnall [sic], Lt. Barnwell, Lt. Larkins, Sergeant Reid, Sergeant John Doe, Correctional Officer Javier, Correctional Officer Miller, Correctional Officer John Doe#1 - #3, Social Worker Brown, Social Worker Peoples, Burlington County Freeholders, Burlington County, and Burlington County DOC.

Plaintiff's Complaint asserted various civil rights claims arising from his imprisonment in Burlington County, commencing on or about September 9, 2008, and continuing for one hundred eighty (180) days thereafter.  Specifically, Plaintiff alleges violations of the eighth amendment, fourth amendment, and first amendments to the United States Constitution, all pursuant to 42 U.S.C. § 1983, based, in general, upon failing to:  (a) protect prisoners from known dangers; (b) illegally strip searching Plaintiff; (c)  properly staff the Burlington County Jail; (d) take reasonable security measures; (e) adequately train and supervise the staff; (f) take notice of verbal and written requests and written grievances; (g) allow inmates to have proper access to the courts; and (h) take reasonable actions to stop alleged infraction of civil rights.

Plaintiff's case was terminated upon the Court's initial review, on December 4, 2008, and then reinstated by Order of

March 19, 2009, based upon his filing of an amended Complaint that contained the same allegations described above.

On or about October 2, 2008, Plaintiff filed another complaint in the Superior Court of New Jersey, Law Division, Burlington County, asserting claims against Juel E. Cole, Warden, Deputy Warden Cox, Burlington County, Burlington County Freeholders, and Burlington County Department of Corrections ("Second Complaint").  Thereafter, on June 5, 2009, (after identified claims under the United States Constitution), the Defendants removed the Complaint to this Court (Civil Action No. 09-2794).  The Complaint alleges, <u>inter alia</u>, that the Defendants violated his constitutional rights by failing to provide educational services, physical exercise and recreation, and telephone privileges.

**A.    Motion To Consolidate**

Defendants seek consolidation, pursuant to Fed. R. Civ. P 42(a), of the Plaintiff's two pending Complaints described above. Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law-or-fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

The Court in <u>In Re |TMI Litigation</u>, 193 F.3d 613, 724 (3d Cir. 1999), explained that "[t]he purpose of consolidation is 'to

streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues'." Citing, In re Prudential Securities, Inc. LTD. Partnerships Litigation, 158 F.R.D. 562, 571 (S.D.N.Y. 1994). Thus, "consolidated cases may be treated as one lawsuit in order to conserve judicial resources," so long as the parties' substantive rights are not diminished." Id.

    Here, Plaintiff has filed two civil rights cases, both arising from his incarceration in Burlington County Jail between September 9, 2008, and 180 days thereafter. The time periods are the same. Moreover, several of the Defendants are named in both lawsuits specifically, Juel E. Cole, Warden, Deputy Warden Cox, Burlington County Freeholders, Burlington County, and Burlington County Department of Corrections. Both Complaints deal with issues relating to staffing, policies, and procedures of the Burlington County Jail. Based upon the similarity of parties and claims that involve the various policies and procedures of the prison, there is no question that common questions of law and fact are presented by the two cases. These relate to Plaintiff's treatment while an inmate at Burlington County Jail, along with attendant rights and privileges at issue. As a result, the Court believes that the interests of judicial economy will be served by dealing them together, as one case. While discovery has started in one of the cases, it has not progressed significantly, and can be completed most easily on a joint basis.

Accordingly, at this stage, the Court will consolidate these two cases as a means to promote judicial economy and efficiency, without prejudice to any party's rights to seek bifurcation or separate trials.

B.  **Motion to Certify Class**

Plaintiff has filed a motion for class certification [Docket No. 40; Action No. 08-4807]. This motion will be denied as premature because Plaintiff's motion for the appointment of counsel is still pending. [Docket No. 27]. See Hagan v. Rogers, 570 F.3d 146, 159 (3d Cir. 2009).

**CONCLUSION**

Accordingly, for the foregoing reasons

IT IS ON THIS **28th** day of **September 2009**, **ORDERED** that the Clerk of the Court shall consolidate Civil Action Nos. 08-4807 and 09-2794, with the lead caption being Civil Action No. 08-4807; and

IT IS FURTHER **ORDERED** that the Plaintiff's motion for class certification is **DENIED** as premature.

```
                                s/Renée Marie Bumb
                                RENÉE MARIE BUMB
                                United States District Judge
```